**UNITED STATES of America**

v.

**Matthew LOWE, Defendant.**

**No. 93–CR–14S.**

United States District Court, W.D. New York.

July 16, 1993.

Dennis C. Vacco, U.S. Atty. (John Rogowski, Asst. U.S. Atty., of counsel), Buffalo, NY, for the Government.

Alan Goldstein, Buffalo, NY, for defendant.

## ORDER

SKRETNY, District Judge.

Whereas pursuant to 28 U.S.C. § 636(b)(1)(B) and by Order dated January 21, 1993, this Court referred defendant's motion to suppress evidence seized from him at the time of his arrest and statements made following his arrest to Magistrate Judge Heckman for report and recommendation; and

Whereas, on June 11, 1993, Magistrate Judge Heckman filed a report recommending that defendant's motion to suppress be denied in all respects; and

Whereas copies of Magistrate Judge Heckman's Report and Recommendation were mailed by the Clerk of the Court to counsel for the parties on June 16, 1993 and no objections to the Report and Recommendation have been received from either of the parties within ten (10) days from the date of its service, in accordance with 28 U.S.C. § 636(b)(1)(C) and Local Rule 30(a)(2), and

Whereas, after careful review of the Report and Recommendation, as well as the submissions by the parties,

IT HEREBY IS ORDERED, that this Court accepts the Magistrate Judge's Report and Recommendation in its entirety, including the authorities cited and the reasons given therein, and that defendant's motion to suppress is DENIED.

SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

Defendant moves to suppress evidence seized from him at the time of his arrest as well as statements made following his arrest.

A hearing was held on March 25 and March 30, 1993. Following the hearing, defense counsel was given an opportunity to submit a memorandum of law in support of his motion, as well as an opportunity for oral argument. The Defendant declined both, relying instead on the evidence adduced at the hearing.

The Government filed a memorandum of law in opposition to Defendant's motion to suppress. Since the facts as stated by the Government have not been disputed by Defendant, I adopt the statement of facts as set forth in the Government's memorandum of law as the facts of the Court in its report and recommendation. Based on these facts, I recommend that the motion to suppress be denied.

The initial stop of the Defendant was supported by reasonable suspicion that the Defendant was engaged in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *U.S. v. Hooper*, 935 F.2d 484, 493–94 (2d Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 663, 116 L.Ed.2d 754 (1991). Officer Greenway was acting on the police radio broadcast which reported that the Defendant was in the area and had threatened at least two persons with a gun. The sources of these radio broadcasts were BMHA Officers Cardwell and Martin, both of whom testified at the hearing. Both received eyewitness accounts from known citizen informants regarding the Defendant having threatened others with a gun. The detailed information from Cardwell's citizen informant was corroborated by the information from Martin's citizen informant. Citizen informants are presumed to have a greater degree of reliability than an anonymous caller or paid informant where the information is based on personal information and where there is no apparent motive to lie. *U.S. v. Rollins*, 522 F.2d 160, 164 (2d Cir.1975), *cert. denied*, 424 U.S. 918, 96 S.Ct. 1122, 47 L.Ed.2d 324 (1976). Furthermore, Officer Greenway was aware of the two reported recent incidents involving the Defendant and guns. The sum total of this information supported reasonable suspicion to justify the stop of the Defendant.

The warrantless search of the plastic bag contained in Defendant's car was permissible under the Fourth Amendment. It is well established law that a warrantless search of an automobile is permissible when law enforcement officers have probable cause to believe that the car contains contraband or evidence of criminal activity. *Carroll v. U.S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The police may search an automobile and the containers within it when they have probable cause to believe that contraband or evidence is contained, within the automobile or container. *U.S. v. Acevedo*, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991).

Here, Officer Sentiff heard a police radio broadcast that the Defendant had, within the previous hour, used a nine millimeter or Ouzi weapon to threaten other individuals. Upon arrival at the scene, Officer Sentiff legitimately looked into the vehicle through an open passenger door and saw what appeared to him to be a gun barrel protruding through a plastic bag. *See, Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Believing the bag to contain a weapon, Officer Sentiff felt the bag and immediately recognized the distinctive shrouded or vented barrel of a nine millimeter gun. Accordingly, Officer Sentiff was justified in searching the container and seizing the gun.

Upon discovery of the gun, the reasonable suspicion ripened into probable cause, justifying the arrest of the Defendant.

Finally, the statements of the Defendant were not obtained in violation of his constitutional rights. The Defendant's initial statement regarding his prior incident with "Moe" was made after his arrest and prior to *Miranda* warnings being given. Nonetheless, the statement is admissible because it was not the product of custodial interrogation in that the Defendant initiated the statement without being prompted in any manner by Officer Greenway. *See, Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

As to the other statements, these were made after the Defendant was given his *Miranda* warnings and after a knowing, voluntary and intelligent waiver of the Defendant's *Miranda* rights. *U.S. v. Anderson*, 929 F.2d 96, 98–99 (2d Cir.1991).

For the foregoing reasons, Defendant's motion should be denied in all respects.

DATED: Buffalo, New York

June 10, 1993

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above stat-

ute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

***Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.*** *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." ***Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.***

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the Assistant U.S. Attorney and the attorney for the Defendant.

**So Ordered.**

DATED: Buffalo, New York

June 11, 1993